498 P.2d 355

**STATE of Utah, Plaintiff and Respondent,**

v.

**Robert Norman MACRI, Defendant and Appellant.**

**STATE of Utah, Plaintiff and Respondent,**

v.

**Charlie (Brown) ARTMAN, Defendant and Appellant.**

**No. 12799.**

Supreme Court of Utah.

June 19, 1972.

.Each appellant appeared pro se.

Vernon B. Romney, Atty. Gen., David S. Young, William G. Evans, Asst. Atty. Gen., Salt Lake City, for respondent.

. . TUCKETT, Justice:

In the court below each of the defendants in separate complaints was charged with the crime of contributing to the delinquency of a minor. The cases were consolidated for trial in the juvenile court, and after the defendants were found guilty, they appealed to this court. The issues being identical, we elect to treat the appeals as one.

The charging part of the complaint filed against each of the defendants reads as follows:

. . . . That defendant in violation of 55–10–80, as amended, aided and encouraged Robyn Ann Smith to become or remain a runaway by permitting and encouraging her to sleep and/or reside in a house which he is renting and occupying.

The said acts on the part of the defendant having caused or did manifestly tend to cause the said child to become or remain delinquent.

The charges against the defendants were laid under the provisions of Section 55–10–80(1), U.C.A.1953, which provides as follows:

. . . The court shall have jurisdiction to try the following adults for offenses committed against children:

(1) Any person eighteen years of age or over who induces, aids, or encourages a child to violate any federal, state, or local law or municipal ordinance, or who tends to cause children to become or remain delinquent, or who aids, contributes to, or becomes responsible for the neglect or delinquency of any child; . . .

The facts summarized from the record, and as found by the court, are briefly as follows: On or about July 8, 1970, Robyn Ann Smith, then of the age of 14, left her home in Salt Lake County with the permission of her mother, and thereafter in the company of a girl friend decided to leave home and to go to California. During the ensuing two nights the girls slept in a public park and thereafter they went to a residence occupied by the defendants which was known as the Alameda Street Church. This church was described by the defendant Artman as nondenominational, dedicated to service for others and primarily established to help alienated youth and young people involved with drug problems. Robyn remained at the Alameda Street Church from July 10 until July 15. During two of the nights she slept in a van-

type vehicle parked behind the church. During that period other young people were staying at the church, most of whom were from out of the state and were transients traveling through the city. During her stay at the church Robyn did not engage in any conversations with either of the defendants. On July 15 Robyn and her girl friend abandoned their intention of going to the state of California and decided to return to their homes. And in pursuance to that change of plan each of them called her mother.

■ There is nothing in the record to indicate that during Robyn's stay at the church she engaged in any unlawful or immoral conduct, nor was she exposed to criminal or immoral conduct on the part of others. The State contends that the defendants were under a duty to investigate the age and residence of Robyn and to notify her parents or the authorities of her whereabouts. We do not believe that the statute above referred to imposes that duty upon the defendants. The simple act of affording shelter to Robyn is not a violation of the statute and it is especially true where Robyn was not induced nor encouraged to seek shelter at the premises under control of the defendants.

The conviction in each of the cases is reversed.

CALLISTER, C. J., and HENRIOD, ELLETT and CROCKETT, JJ., concur.