**STATE of Utah, Plaintiff and Respondent,**

**v.**

**DUNG HUNG VO, Defendant and Appellant.**

**No. 15788.**

Supreme Court of Utah.

Oct. 4, 1978.

Michael D. Esplin, Utah County Legal Defender Association, Provo, for defendant and appellant.

Robert B. Hansen, Atty. Gen., Michael L. Deamer, Craig L. Barlow, Asst. Attys. Gen., Salt Lake City, Noall T. Wootten, Utah County Atty., Provo, for plaintiff and respondent.

MAUGHAN, Justice:

Defendant appeals from his conviction by the Juvenile Court of the crime of contributing to the delinquency of a minor, a violation of Sec. 78-3a-19(1), U.C.A., 1953, as enacted in 1965. The judgment is reversed. All statutory references are to U.C.A., 1953.

1. Const. of Utah, Art. VIII, Sec. 9; *First Security Bank of Utah v. Demiris*, 10 Utah 2d 405, 354 P.2d 97 (1960).

Defendant is a Vietnamese refugee with a limited command of the English language. He resided in an apartment in Provo, Utah, with two compatriots. B. H., a girl, ran away from home on September 19, 1977. First, she went to Springville, Utah, to visit friends; then she returned to Provo and went to defendant's apartment where she found a girlfriend, C. G. Approximately, three or four hours later, defendant returned from work to his home. Upon seeing the girls, he greeted them with a "Hi". This was the first time he had met B. H. There was no evidence of any further conversation that evening. Both girls stayed at the apartment that night.

In the morning, defendant went to work. B. H. left the apartment to visit with her boyfriend; when she returned C. G. was gone. Defendant's only conversation with B. H. occurred the second evening, after he had returned from work. He queried whether she had informed her boyfriend where she was staying. According to B. H., defendant told her he had taken C. G. somewhere else; so if one were discovered the other would be safe. B. H. admitted defendant asked her why she had run away and why didn't she return to her home; that he admonished her she should go home. B. H. responded that she didn't want to go home. There was no evidence defendant either gave her permission or encouraged her to remain. The following day, while defendant was working, the police and B. H.'s father entered the apartment, searched it and located B. H. hiding in a closet.

The complaint alleged that defendant, over the age of 18, did on the 21st of September, 1977, commit the crime of contributing to the delinquency of B. H., age 17, by willfully, intentionally, and unlawfully harboring B. H., knowing she was a runaway, and by said conduct did tend to cause the said B. H. to become delinquent.

After the hearing, the court concluded the female minor child, being a runaway, was in violation of the law of this state, and the conduct of defendant was such it did tend to cause this child to remain a runaway. Also, the action was taken knowingly. Therefore, the court found him guilty as charged.

On appeal, defendant contends the Juvenile Court erred in denying a motion to dismiss. Defendant urges the state failed to prove any act of delinquency. Specifically, the state failed to prove B. H.'s act of running away constituted delinquency, and that defendant tended to cause her to remain a runaway.

78–3a–19, provides:

> The court shall have jurisdiction to try the following adults for offenses committed against children:
>
> (1) Any person eighteen years of age or over who induces, aids, or encourages a child to violate any federal, state, or local law or municipal ordinance, or who tends to cause children to become or remain delinquent, or who aids, contributes to, or becomes responsible for the neglect or delinquency of any child;

The Juvenile Court found B. H.'s act of running away was in violation of the law of the state, and defendant's guilt was contingent on his conduct of tending to cause the child to remain a runaway.

When the Juvenile Court Act of 1965 was enacted, 15(2)(c) provided the Juvenile Court had jurisdiction in proceedings concerning any child who had run away from home.[1] This provision was repealed in 1971 (L.Utah 1971, ch. 134). In 1977, Section 78–3a–16.5 was enacted;[2] it provides:

> The court shall have jurisdiction in cases referred to the court by the division of family services or those public or private agencies which have contracted with the division of family services to provide the services referred to in section 55–15b–6(12) where, despite earnest and persistent efforts of the division of family services or the contracting agency, the child demonstrates that he or she:
>
> * * * * * *
>
> (2) Has run away from home.

1. Laws of Utah 1965, ch. 165.

2. Laws of Utah 1977, ch. 76.

There is no law decreeing the act of running away from home, by a minor child, either a violation, or, because of such act granting the Juvenile Court jurisdiction over such child. It is only upon reference, under the conditions set forth by the agencies specified in Sec. 78–3a–16.5, the Juvenile Court may take jurisdiction over a runaway child.

Since B. H. had not been referred to the Juvenile Court, the court did not have any jurisdiction over her. Neither did her status as a runaway confer jurisdiction on the court. Therefore, defendant's conduct of tending to cause B. H. to remain a runaway could not constitute the crime of contributing to the delinquency of a minor as set forth in Sec. 78–3a–19(1). This for the reason B. H. was not a delinquent, within the jurisdiction of the Juvenile Court.

The state urges defendant's conduct was within the ambit of Sec. 78–3a–19(3), and his conviction should be sustained.

Defendant was charged with contributing to the delinquency of a minor, a section one violation. In addition, he was also charged under section three—to this his counsel objected, and properly so; because, section three is not applicable to the instant matter. There is a definite hiatus in the law here, created by the aforementioned repeal.

78–3a–19(3), provides:

> Any person eighteen years or over who forcibly takes away a child from, or encourages him to leave, the legal or physical custody of any person, agency, or institution *in which the child has been legally placed* for the purpose of care, support, education, or adoption, or any person who knowingly detains or harbors *such* child. [Emphasis supplied].

The last phrase of this statute applies to one who detains or harbors "such child," not to "any" child. "Such child" must refer to the one described in the preceding phrase, namely, a child in the custody of any person, agency, or institution "in which the child has been legally placed." A natural child, not within the jurisdiction of the Juvenile Court, has not been "legally placed" with his parents. The term "legally placed" in this statute has reference to the types of disposition that may be made by order of the Juvenile Court in 78–3a–39.

In subdivisions (1), (2), and (6) of Sec. 78–3a–39, the initial words are: "The court may place the child." Subdivision (12) provides: "In placing a child under the guardianship of an individual or of a private agency or institution . . . "

We are compelled to conclude subdivision (3) of Sec. 78–3a–19 applies only to a person eighteen or over, who detains or harbors a child who has been legally placed pursuant to a court order.

The instant case bears a strong factual similarity to *State v. Macri.*[3] There defendants were charged with a violation of Sec. 55–10–80(1) (redesignated 78–3a–19(1)). This Court observed there was nothing in the record to indicate that during the minor's stay at the premises she was engaged or exposed to any criminal or immoral conduct. This Court rejected the contention of the state that defendants were under a duty to investigate the age and residence of the minor, and to notify her parents or the authorities of her whereabouts. This Court concluded:

> . . . The simple act of affording shelter to Robyn is not a violation of the statute and it is especially true where Robyn was not induced nor encouraged to seek shelter at the premises under control of the defendants.

Defendant's other points on appeal have not been discussed since such were unnecessary to resolve the central issue of this case.

CROCKETT, WILKINS and HALL, JJ., concur.

ELLETT, Chief Justice (dissenting):

I am unable to concur in the prevailing opinion for the following reason:

3. 28 Utah 2d 69, 71, 498 P.2d 355 (1972).

The statute[1] under which the appellant was charged and convicted reads:

> The court [Juvenile] shall have jurisdiction to try the following adults for offenses committed against children:
>
> (1) Any person eighteen years of age or over . . . who tends to cause *children to become or remain delinquent,* or who aids, contributes to, or becomes responsible for the neglect or delinquency of any child; . . .
>
> Any person who commits any act described above in this section shall be guilty of a misdemeanor . . . .

The girl in this matter was delinquent beyond the shadow of a doubt. She did not go to school as she was supposed to do, but instead went to the apartment of the appellant where she was taken in and furnished bed and board.

The defendant and his two roommates lived in a rear basement apartment. He was 31 years of age and the girl was 17.

The defendant was harboring another juvenile runaway girl at the time. The testimony showed that the two girls slept in the appellant's bed the first night and that he slept in an adjoining room. The next night he drove the first girl to another place and when he returned, he entered the bedroom occupied by the girl and told her that he had taken the first girl elsewhere "so that if one of them were caught the other would not be". That night she slept in his bed. While there is no evidence that the appellant made sexual advances towards the girl, the two other males did do so.

The next day she was permitted to stay in the apartment and during the time the appellant was home from work the girl never left the apartment. Later in the day her father and police officers called at the apartment. The girl would not answer and a search of the apartment resulted in finding her hiding behind a staircase panel in the bathroom. The appellant had harbored her for three days and two nights under circumstances which showed that he knew she was a runaway girl. In fact he admitted that he knew she was a runaway since the first night she had stayed with him.

The trial court found that the appellant was over the age of 18 and that the girl was under that age. It also found that the appellant did commit the crime of contributing to the delinquency of the girl, knowing she was a runaway, and by said conduct he did tend to cause her to become delinquent.

This court respects the findings of the trial courts where there is evidence to support the findings. In this case, I think the evidence is compelling in showing a contribution to the delinquency of the girl.

The prevailing opinion sets up straw men and demolishes them. The only problem is that the defendant was not charged with violating the statutes discussed therein. His crime was that of contributing to the delinquency of a minor.

The case of *State v. Macri*[2] is of no help in deciding this case. There the defendants were pastors in a church which provided shelter for transient young people. The girl in that case was one of several young people who received shelter and food. There was no suggestion of sexual proposals and so the facts of that case are not at all similar to those of the instant matter.

I would affirm the judgment of conviction.

1. U.C.A., 1953, 78-3a-19.

2. 28 Utah 2d 69, 498 P.2d 355 (1972).